Nash, C. J.
 

 There is no error in the ruling of the Court ffelow, or in admitting the testimony objected to: As to the latter, the testimony .of Mr. Nelly was clearly competent. The rule, as stated by Mr. StaRKIP, in his Treatise on Evidence, 2 vol., p. 372, is, that the witness must either have seen the party write, or have obtained a knowledge, of the • character of his writing, from a correspondence with him ¡upon matters .of business, or from transactions between •them, such as having paid bill of exchange for time, for ¡.which he has afterwards accounted. The witness testified ¡that he had corresponded with the merchant in New Xork, whose
 
 signature
 
 was to be proved, by writing to him and .receiving letters.from him, and in this way lie had acquired
 
 *97
 
 a knowledge of bis
 
 signature.
 
 Thé objection was, “ the witness bad not shewn himself qualified to speak of it.” It is within one of the above modes stated, whereby the competent knowledge may be acquired, and the witness professed in that way, he had acquired his knowledge of the signature. The other portion of his testimony might enable the jury to ' give the whole its proper weight, which was submitted to the jury as belonging solely to them. See Doe
 
 on dem
 
 of Mudd v. Suckerman, 31 E. C. L. R. 406. Pope v. Askew, 1st Ired., 16. State v. Harris, 5th Ired. 287. Gordon v. Price, 10th Ired. 385.
 

 His Honor’s charge upon the statement made a part of the case, and was correct. That statement was entirely too vague and -uncertain, as to the period when the defendant was seen in the possession of the 'money: Whether, before the writ in the case issued: or’before he was arrested under the
 
 ea sa:
 
 or during the pendency _of the inquiry under the issues-: or when it is simply a statement, that the defendant had1 been seen gambling, and to possess more than ten dollars. The statement could not aid the jury in coming to any conclusion, as to the time when he was so seen in possession of the money. If such testimony was sufficient to deprive a defendant of the privilege "intended by the Legislature, in the act under which the proceedings . are had, it would hold out to him a false hope; for it embraces the whole life of the defendant! In every such issue the plaintiff is the
 
 actor,
 
 he charges a fraudulent concealment by the defendant of his property, and h¿ must prove it; ho ■must, in the language of his Honor, “ show that the defendant concealed the money since the beginning of these proceedings.” No man can be expected to account for every trifling sum of money, which may have been in his possession-at an indefinite period of time. .
 

 ' Judgment affirmed.